UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE GREEN,

    Plaintiff,

v.                                        Case No. 8:18-cv-1747-T-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for SSI (Tr. 187-91). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 84-109, 132-42). Plaintiff then requested an administrative hearing (Tr. 143-45). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 44-83). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 26-43). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.    Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1964, claimed disability beginning October 15, 2014 (Tr. 187). Plaintiff obtained less than a high school education (Tr. 210). Plaintiff's past relevant

work experience included work as a material handler, short order cook, flagger, and construction worker II (Tr. 77-78, 210). Plaintiff alleged disability due to bipolar disorder, depression, and undefined mental issues (Tr. 209).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 6, 2015, the application date (Tr. 31). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; mood disorder, not otherwise specified; and antisocial personality disorder (Tr. 31). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 32). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform medium work, except that Plaintiff could only frequently climb and stoop and could perform simple, routine tasks involving only occasional contact with coworkers, supervisors, and the public in work environments that involved little or gradual workplace change (Tr. 33). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 34).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform his past relevant work as a flagger (Tr. 37-39). The ALJ also determined that Plaintiff could perform other work, including work as a cleaner II; packager, hand; and packer, agricultural produce (Tr. 38, 78-79). Accordingly, based

on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 39).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.

20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

### III.

Plaintiff argues that the ALJ erred by improperly concluding that Plaintiff could perform his past relevant work as a flagger. At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§

416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)(1). At this step, the claimant bears the burden of proving that his or her impairments prevent him or her from performing past relevant work. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

In arguing that the ALJ erred at step four, Plaintiff contends that, "[h]ad the ALJ given a hypothetical to the vocational expert that the claimant could stand and/or walk (which meant be on his feet) about 6 hours out of an 8 hour [*sic*] workday, it is likely he would have opined the claimant could not perform the job of a flagger, and possibly the other jobs he identified" (Doc. 21, at 7). The record reflects that the ALJ in fact expressly accounted for such limitations in the hypothetical to the VE and that the VE then testified that Plaintiff maintained the ability to perform the work of a flagger, even with such standing and walking limitations (Tr. 78). Namely, during the administrative hearing, the following exchange occurred:

> Q  All right. For our first hypothetical question, I'd like you to assume an individual closely approaching advanced age with a limited education and past work experience as you described. The individual can lift and carry 50 pounds occasionally and 25 pounds frequently, *stand and walk six hours out of an eight-hour workday*, and sit six hours out of an eight-hour workday. The individual can frequently climb and stoop. The individual is limited to simple, routine tasks, involving only occasional contact with coworkers, supervisors, and the general public in work environments that involve little or gradual workplace change. Could the individual described in the hypothetical number one perform any of Mr. Green's past work?
>
> A  I'm looking at those, Your Honor, so bear with me, please. *The Claimant would be able to do the flagger position*.

(Tr. 78) (emphasis added). The ALJ thus accounted for Plaintiff's standing and walking limitations in the hypothetical to the VE. Further, the hypothetical comported with the evidence of record, including the opinion of Dr. Suzanne Johnson, a state agency medical consultant

whose opinion the ALJ afforded great weight (Tr. 36, 102). Accordingly, the VE's testimony provided substantial evidence for the finding that Plaintiff maintained the ability to perform his past work as a flagger. *See Wilson*, 284 F.3d at 1227 (finding that, for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments). The ALJ thus did not err at step four.

Furthermore, having appropriately concluded that Plaintiff could perform his past relevant work, the ALJ did not need to proceed to step five in the sequential analysis, and the inquiry could have stopped there. *See* 20 C.F.R. §§ 416.920(f) & (g), 416.960(b)(3) & (c). The ALJ continued in the analysis, however, and concluded that Plaintiff could also perform the requirements of representative occupations, such as cleaner II; packager, hand; and packer, agricultural produce (Tr. 38, 78-79). In doing so, the ALJ relied upon the VE's testimony in response to a proper hypothetical comprised of all of Plaintiff's impairments, which therefore provided substantial evidence for the ALJ's decision at step five.[1]

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

---

[1] Indeed, Plaintiff does not even challenge the ALJ's decision in that regard.

DONE AND ORDERED in Tampa, Florida, on this 24th day of June, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record